STATE HOME SAVINGS CARD CENTER
*v.* PINKS; SHACKELFORD.

(No. 86-CV-F-180—Decided
April 4, 1988.)

Fostoria Municipal Court.

*James S. Nowak,* for plaintiff.
*William D. Dauterman,* for defendant Garrett Shackelford.

WILLIAM R. MCMAHON, J. Plaintiff has filed for summary judgment, as has defendant Garrett Shackelford, defendant Mona L. Pinks having failed to appear. The parties further have stipulated that the matter is being submitted to the court on the basis of the affidavits, statements of fact, and the motions and memoranda of law. After careful perusal of all of the materials being submitted to the court, the court finds as follows.

As to the facts, defendant Mona L. Pinks, in October 1985, applied for a credit card and was subsequently sent a rejection letter. The application was then returned to Pinks who obtained the signature of Garrett Shackelford. The application contains three different "signer" identifications, to wit: (1) as a "joint account" with an "additional card holder," in which the information and background regarding Shackelford was actually provided; (2) as a co-signer, with instructions to complete the application as noted by the plaintiff in returning the application to defendant Pinks ("need co-signer to complete application"); and (3) as "co-applicant," where the signature of defendant Garrett Shackelford appears over the phrase "signature of co-applicant." At the top of the form is indicated the number of cards needed, which was specified as one, and further, the credit line requested, which was noted as $500.

The application was then accepted and defendant Pinks was given a credit card which she immediately utilized, resulting in her first bill being in an amount over the limit of her credit and noting her minimum payment due as $28. That $28 was paid the next month

and the credit card continued to be used, leaving a balance, as of the second billing, in the amount of $707.24. The second billing also noted a minimum payment due of $35. Her third billing noted a past due amount of $35 and a new balance of $1,177.44, noting $93 as the minimum payment due. Her fourth billing noted a past due amount of $93 and a minimum payment due of $154 on her new balance of $1,233.83. The fifth billing noted a minimum payment due of $217 on a new balance of $1,273.50. The record indicates that a statement was received by defendant Garrett Shackelford and that he acknowledges that he did in fact pay $217, which was credited to the account on April 29, 1986. A note, which was signed by defendant Garrett Shackelford and which accompanied the money order in the amount of $217, stated that "I am sending a payment for Mona L. Pinks['] account, $217.00, Garrett Shackelford." Also, on that same note was the following message: "next time send me the payment to the same address as Mona['s], Garrett Shackelford."

It is further stipulated in the record that Garrett Shackelford neither received nor ever used the credit card. The record does not contain any further evidence of direct communications between the plaintiff and defendant Garrett Shackelford, other than the change in address used on the billings to Mona L. Pinks, noting "c/o Garrett Shackelford," of May 7, 1986, June 7, 1986 and July 7, 1986.

The plaintiff argues as a matter of law that the signature of the defendant Garrett Shackelford had the effect of stating that Pinks was creditworthy, that the plaintiff should give Pinks a credit card, and that he would be liable under the terms and conditions related to the use of the credit card as referred to in the application in the print above

his signature, which stated that the "undersigned agrees that the use of the credit card privileges granted in response to this application shall bind the undersigned to the terms and conditions of the State Home Savings cardholder regulations." Plaintiff further argues that the law involved in this matter is that of guaranty and suretyship. Referring to the general research contained in 52 Ohio Jurisprudence 3d (1984), Guaranty and Suretyship, plaintiff argues that defendant Shackelford is liable for the entire account, even though all charges were made by Mona L. Pinks and Shackelford never received a copy of the terms and conditions of the State Home Savings cardholder regulations.

Defendant Shackelford argues that the defendants' liability is to be determined by the entire application and not just from the small print contained at the bottom of the application, that the $500 credit line is the total extent and liability of the defendants, and that, having paid $217, his liability is limited to the balance of $283. Shackelford also supports his argument by referring to 52 Ohio Jurisprudence 3d, *supra,* Guaranty and Suretyship, and states, in essence, that if there is a need for interpretation, the construction must be done so in his favor in that he is an uncompensated surety.

The court, in its research, after review of the plaintiff's and defendant's legal arguments, also considered the law as set forth in the Fair Credit Billing Act, the Truth in Lending Act and the federal and state decisions dealing with credit-card law in general.

Section 1602(m), Title 15, U.S. Code, defines a "cardholder" as "* * * any person who has agreed with the card issuer to pay obligations arising from the issuance of a credit card to another person."

Section 1602(l), Title 15, U.S.

Code, defines "accepted credit card" as any credit card that was requested and received by the cardholder or that he signed, used or authorized another to use, in order to obtain money, property, labor or services on credit.

The term "card issuer" refers to "any person who issues a credit card, or the agent of such person with respect to such card" (Section 1602[n], Title 15, U.S. Code); and "unauthorized use" is "use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." Section 1602(o), Title 15, U.S. Code.

Thus, only cardholders are liable for debts incurred by use of the credit card. Card users, or holders of a related card, are not liable for such debts.

The issue raised concerns the proper characterization of the defendant — is he a cardholder or just a card user? If the credit card agreement provided for two categories of customers, it must be construed as a whole to determine into which category a particular customer falls. The case of *Cleveland Trust Co.* v. *Snyder* (1978), 55 Ohio App. 2d 168, 9 O.O. 3d 329, 380 N.E. 2d 354, at paragraph two of the syllabus, notes that where the agreement is not clear regarding the parties' intent with respect to liability, it must be construed strictly against the party who drafted it, in light of the surrounding circumstances. In the *Cleveland Trust Co.* case, the defendant's former husband had applied for a BankAmericard. He completed and signed both the application and the cardholder agreement. The card was issued in his name. The agreement permitted cash advances to be made to Mr. Snyder's checking account. Later, Mrs. Snyder signed a form "cardholder agreement" at Cleveland Trust.

A credit card was sent in Mr. Snyder's name to the defendant, Mrs. Snyder. The court, in that case, found that Mrs. Snyder had not applied for a Bank-Americard and that she had not agreed to be liable for any debts incurred on that account. She was merely the recipient of a related card which she had used, but, was not a cardholder. Only the cardholder, Mr. Snyder, received the monthly statements, and only he could write to protest billing errors. Accordingly, Mrs. Snyder was not liable for debts incurred on the account.

In the case of *Bank One of Columbus* v. *Might* (June 15, 1982), Franklin App. No. 82AP-86, unreported, both the defendant Lynne Might and her husband David had signed the application for a BankAmericard with Bank One of Columbus. All of the cards on the account were issued in David Might's name. Mrs. Might did not make any charges on the account nor did she receive any cash advances. She did not draw any checks on the joint checking account which was linked to the credit card. The court found that Lynne Might was not an applicant for the original or subsequent credit cards even though she had signed the application and that David Might was the only *cardholder*. The court held that Mrs. Might's consent to tie the checking account with the credit card account was not sufficient to create personal liability upon her for all the charges and advances on the account beyond the balance in the checking account. The court in that particular case was construing a particular credit card agreement; however, the court noted, *inter alia*, that the defendant's name did not appear on the card.

Applying that same analysis to the present case and examining the exhibit provided by the plaintiff, the "State Home Savings Mastercard and/or Visa Cardholder Agreement," it is obvious

that defendant Garrett Shackelford is not a cardholder and that the only cardholder is Mona Pinks. The court finds that defendant Garrett Shackelford did not receive a card, that the card which was issued did not have his name on it, and that he did not receive the monthly billings until after the account was closed. Accordingly, the original agreement being in need of interpretation, the court finds that the most favorable restriction would be to limit Shackelford's liability to the amount of the credit card application which is $500.

Clearly, Mona L. Pinks is liable to the plaintiff for the full extent of the prayer, $1,123.19, with interest at the rate of ten percent from the date of judgment, and for the court costs.

The only remaining issue relates to whether a hearing must be held to determine if the $217 payment by Shackelford was for himself or on behalf of Pinks. Shackelford's writing seems to indicate that the payment was made on behalf of Pinks, thus restarting the meter on the $500 limit, again; if so, he would be liable for the full $500 of the $1,123.19 outstanding, but no more.

It is therefore ordered, adjudged and decreed:

1. That defendant Mona L. Pinks pay the plaintiff the sum of $1,123.19, plus interest and court costs; and

2. That defendant Garrett Shackelford has joint and several liability to the extent of $500 total.

*Judgment accordingly.*